# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 20-A-617

$198.00 COST PAID

Gentry, Robby

**PLAINTIFF**

VS.

Dolgencorp, LLC, DBA Dollar General
Doe, John
Doe, John, II

**DEFENDANTS**

### SUMMONS

TO: DOLGENCORP, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Adam Princenthal**
**Princenthal, May & Wilson, LLC**
**750 Hammond Drive**
**Building 12, Suite 200**
**Sandy Springs, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 17th day of February, 2020.**

Clerk of State Court

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**20-A-617**
FEB 17, 2020 02:04 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ROBBY GENTRY ) | |
| ) | |
| Plaintiff, ) | State Court Civil Action |
| ) | File No. _____ |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| DOLGENCORP, LLC D/B/A ) | |
| DOLLAR GENERAL, ) | |
| JOHN DOE I and JOHN DOE II. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF ROBBY GENTRY (hereinafter "Plaintiff") in this action, and files this Complaint for Damages, and shows this Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff Robby Gentry is a resident of the State of Georgia.

2.

Defendant DOLGENCORP, LLC d/b/a DOLLAR GENERAL ("Defendant Dollar General") is a foregin corporation with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee, 37072. Defendant Dollar General may be served through its registered agent Corporation Service Company, 192 Anderson Street, Suite 125, Marietta, Cobb County, Georgia, 30060.

3.

Defendant Dollar General owned and/or occupied a store located at 920 N. Wall Street, Calhoun, Georgia, 30701.

4.

Defendant Dollar General committed tortious acts or omissions on or about May 12,

2018, at 920 N. Wall Street, Calhoun, Georgia, 30701.

5.

Defendant is subject to the jurisdiction and venue of this Court.

6.

Defendants JOHN DOE I and II, whose true names are unknown to Plaintiff, committed tortious acts or omissions on May 12, 2018, at 920 N. Wall Street, Calhoun, Georgia, 30701. He will be properly served with process upon his identity being ascertained.

## FACTS OF THE CASE

7.

Plaintiff re-alleges and incorporates paragraphs 1 through 6 above, and further alleges as follows;

8.

On May 12, 2018, Defendant Dollar General owned and occupied a Dollar General store located at 920 N. Wall Street, Calhoun, Gordon County, Georgia, 30701 (hereafter "the Premises").

9.

On or about May 12, 2018, Plaintiff was a business invitee on the Premises.

10.

On or about May 12, 2018, Plaintiff was walking down an aisle of the Premises when he slipped on a slippery, wax-like substance and fell to the floor.

11.

The substance was left on the aisle floor by Defendant Dollar General, Defendant John Doe I and/or Defendant John Doe II.

12.

As a result of Plaintiff's fall, he sustained injuries to his hip, back, neck, and left leg.

## **COUNT I - NEGLIGENCE OF DEFENDANTS**

13.

Plaintiff re-alleges and incorporates paragraphs 1 through 12 above, and further alleges as follows;

14.

Defendants owed a duty to Plaintiff to exercise that degree of care exercised by an ordinarily prudent person under the same or similar circumstances to protect Plaintiff from non-obvious dangerous conditions pursuant to O.C.G.A. § 51-3-1.

15.

Defendants breached the above stated duty of care owed Plaintiff in that Defendants failed to remove and/or warn Plaintiff of the non-obvious slippery substance (i.e. "dangerous condition") on the floor.

16.

The Defendants' knowledge of the dangerous condition was superior to that of the Plaintiff's knowledge.

17.

Plaintiff exercised all ordinary care owed under the circumstances.

18.

As a result of the above-described breach of the duty of care to Plaintiff, Defendants were negligent.

19.

The negligent acts and omissions of Defendant Dollar General's employees may be imputed to Defendant Dollar General by the doctrine of respondeat superior.

20.

As a direct, substantial and proximate result of the negligence of Defendants, Plaintiff

sustained physical injuries and has incurred medical expenses.

21.

As a further direct, substantial and proximate result of the negligence of Defendants, there is a reasonable probability that Plaintiff will incur future medical expenses. The exact anount of these future medical expenses is not known at this time.

22.

As a further direct, substantial and proximate result of the negligence of Defendants, Plaintiff has endured and continues to endure mental and physical pain and suffering. There is a reasonable proability that his injuries will result in continued pain and suffering as well as permanent disability and impairment.

## COUNT II-PUNITIVE DAMAGES

23.

Plaintiff re-alleges and incorporates paragraphs 1 through 22 above, and further alleges as follows.

24.

Defendants' failure to remove and/or adequately warn Plaintiff of the ice showed a willful, wanton and reckless disregard for the safety and wellbeing of Plaintiff. Defendants are liable for punitive damages in accordance with O.C.G.A. § 51-12-5.1.

## COUNT III-ATTORNEY'S FEES and EXPENSES OF LITIGATION

25.

Plaintiff re-alleges and incorporates paragraphs 1 through 24 above, and further alleges as follows.

26.

Defendants have exhibited bad faith, been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover his expenses of

litigation, including his reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays for the following:

1. That the Summons shall issue and that Defendants be served with the Summons and a copy of this Complaint as provided by law,

2. That this case be tried before a fair and impartial jury,

3. That Plaintiff be awarded special damages, including medical expenses and lost wages in the amounts claimed above,

4. That Plaintiff be awarded general damages including compensation for past and future pain and suffering in an amount to be determined by the enlightened conscience of a fair and impartial jury,

5. That Plaintiff be awarded pre-judgment and post-judgment interest pursuant to O.C.G.A. § 51-12-14,

6. The Plaintiff be awarded punitive damages,

7. That Plaintiff be awarded costs, interest and attorney's fees as permitted by law, and

8. For such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 17th day of February, 2020.

Matthew T. Wilson
GA Bar No. 558420
Carson A. Royal
GA Bar No. 964008
Attorneys for Plaintiff

PRINCENTHAL, MAY, & WILSON, LLC
750 Hammond Drive
Bldg 12, Suite 200
Sandy Springs, GA 30328
Tel. 678-534-1980
FAX 404-806-0624
Email: matthew@princemay.com

HARRISS & HARTMAN LAW FIRM, P.C.
P.O. Drawer 220
200 McFarland Ave.
Rossville, GA 30741
Tel. 706-861-0203
Fax: 706-861-6838
Email: carson.royal@harrisshartman.com

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**20-A-617**
FEB 17, 2020 02:04 PM

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| ROBBY GENTRY, | ) |
| Plaintiff, | ) State Court Civil Action |
| | ) File No. _____ |
| vs. | ) |
| DOLGENCORP, LLC D/B/A | ) |
| DOLLAR GENERAL, | ) |
| JOHN DOE I and JOHN DOE II, | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO DEFENDANT DOLGENCORP, LLC D/B/A DOLLAR GENERAL

NOW COMES Robby Gentry, Plaintiff in the above-styled action, and, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34 and 9-11-36, serves upon Defendant Dolgencorp, LLC d/b/a Dollar General ("Defendant") his First Continuing Interrogatories, Request for Production of Documents and Request for Admissions and requests that they be answered fully in writing and under oath within the time provided by the Georgia Civil Practice Act.

### DEFINITIONS AND INSTRUCTIONS

1. The terms "document" and "documents" shall be used in their broadest sense and shall mean and include, but not be limited to, all writings of any kind, nature and character, including electronically stored information, such as electronic mail ("e-mail").

2. The term "person(s)" means any natural person, partnership, corporation, joint venture, proprietorship, association, governmental entity, agency, group, organization or group of persons.

3. These discovery requests shall be deemed continuing in nature to the extent permitted by Rule 26(e) of the Georgia Civil Practice Act, and you are specifically required to serve supplemental answers if you later obtain (a) information regarding the identity and location of persons having knowledge of discoverable matters; or (b) information upon the basis of which (i) you know that an answer was incorrect when made; or (ii) you know that an answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend your answer is in substance a knowing concealment.

4. In the event that the attorney-client privilege, the work product privilege, or any other claim of privilege is asserted with respect to any information requested in these Interrogatories, or any document, the identification of which is sought by these Interrogatories, then as to each such item of information or document subject to such assertion, you shall supply in writing a specific basis for the assertion of the privilege or claim and an identification of such information or documents with sufficient specificity to permit the Court to reach a determination in the event of a motion to compel as to the applicability of the asserted privilege.

## INTERROGATORIES

1.

Identify every person involved in preparing the responses to these Interrogatories and/or in providing information used in responding to these interrogatories.

2.

In accordance with O.C.G.A. §9-11-26(b)(4)(A), state the name and address of each person whom you expect to call as an expert witness at the trial of this case, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to

which the expert is expected to testify, and a summary of the grounds of each such opinion.

3.

In accordance with O.C.G.A. §9-11-26(b)(2), identify every insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

4.

Please identify each person that you believe has personal knowledge and/or other information relating to the May 12, 2018, incident giving rise to the above-styled civil action (hereinafter referred to as "the Incident") and/or any of the facts alleged in the Complaint filed on behalf of Plaintiff in this civil action. State briefly the nature of each person's knowledge and/or information.

5.

Please identify every person from whom you have obtained statements in any form regarding the Incident and/or any of the facts alleged in the Complaint. For each person identified, provide the person's name, last known address, last known telephone number, last known employer and job title. Please also identify each person who prepared, participated in, or heard such statements.

6.

Please list all communications that you, or any representative on your behalf, have had with Plaintiff.

7.

Please list all communications that you, or any representative on your behalf, have had with any person other than Plaintiff and/or your attorneys which relate to the Incident.

8.

Please identify: (a) any eyewitnesses to the Incident, and (b) any person who had any communication with Plaintiff after the Incident.

9.

Please identify every person who worked at the Dollar General store located at 920 N. Wall Street, Calhoun, Georgia, 30701 ("the Premises") on May 12, 2018. For each person identified, provide the person's job title and state whether the person is currently employed by Defendant. For those who are not employed by Defendant, please provide the person's last known address, telephone number(s) and e-mail address.

10.

Please identify all persons who were responsible for inspecting, cleaning, and/or maintaining the Premises on May 12, 2018.

11.

Please identify all persons who were responsible for stocking the Premises' shelves on May 12, 2018.

12.

Please identify all documents which set forth any policies or procedures related to the operation, cleaning, maintenance, and/or inspection of the Premises where Plaintiff fell on May 12, 2018.

13.

Was there a video surveillance system in place on the Premises on May 12, 2018? If so, please describe the nature of the system (i.e., how many cameras, where were the cameras located, were recordings saved digitally, where were recordings maintained, and for how long, etc.)

14.

Identify all documents which describe, depict and/or relate to the video surveillance system which was in place on the Premises on May 12, 2018.

15.

Identify all documents you generated which are related to the Incident, including, but not limited to, any incident report. NOTE: This Interrogatory does not seek the identification of documents generated by your attorneys.

16.

Identify all documents you have obtained from any third party which are related to the Incident and/or the claims asserted in the present lawsuit, including, but not limited to, documents related to any medical treatment Plaintiff has received.

17.

Identify all photographs and/or video recordings (whether or not such photographs and/or video recordings are still in existence) depicting any part of the Premises on May 12, 2018.

18.

Identify all photographs and/or video recordings (whether or not such photographs and/or video recordings are still in existence) depicting Plaintiff on May 12, 2018, or anytime thereafter.

19.

Are you aware of any person other than Plaintiff slipping, tripping, and/or falling while inside the Premises? If so, identify all such persons, state whether such person made any claim for personal injury, and provide any contact information you have for such person(s).

20.

Please identify all documents which memorialize, contain, and/or describe your policies and procedures in place on May 12, 2018, regarding the inspection, cleaning, and/or maintenance of the Premises, including, but not limited to, any policies and procedures which relate to removing and/or warning of trash, merchandise, debris, or other objects on the Premises' floor.

21.

Please provide a detailed description, including, but not limited to, the date and time, of any and all efforts undertaken by or on behalf of Defendant to discover, remove and/or warn of any trash, merchandise, debris, or other objects on the Premises' floor on May 12, 2018. Such efforts would include, but not be limited to, inspections of the premises floor, and placement of signs, or other warning devices.

22.

Please identify any records, logs, or other documents which reflect the time of any inspection or cleaning of the Premises floor conducted on May 12, 2018.

23.

Please identify all documents which set forth any policies or procedures related to the stocking of the Premises' shelves on May 12, 2018.

24.

Do you contend that any warning or caution signs were placed on the floor of the premises, including around the area where Plaintiff fell at any time on May 12, 2018? If so, please:

(a)     Identify the person who placed such sign(s);

(b)     State the reason for placing such sign(s) in the area;

(c)     Identify the time when the sign(s) was placed;

(d)     Identify all documents related to the placement of such sign(s); and

(e)     State whether you contend such sign(s) was in place at the time of the Incident.

25.

In what substance did Plaintiff slip in while on the Premises on May 12, 2018. If you contend he did not slip or fall, what substance did your employee(s) observe on the floor at the time of or immediately after his fall.

26.

Please state with specificity when and under what circumstances you first anticipated litigation in this case.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all documents that are identified in your responses to Plaintiff's First Continuing Interrogatories to Defendant.

2.

Please produce any and all documents in your possession, custody or control which relate to Plaintiff.

3.

Please produce any and all documents in your possession, custody, or control which relate to an May 12, 2018, incident (hereinafter "the Incident") in which Plaintiff tripped and fell while the Premises.

4.

Please produce any incident reports, written statements, or recorded statements related to the Incident.

5.

Please produce all documents related to Plaintiff and/or the Incident which you obtained or received from any third party as a result of any request for documents, whether formal or informal, made by you or any of your representatives.

6.

Please produce a copy of all documents that pertain, relate to, or discuss the claims

asserted in the Complaint filed by Plaintiff in the above-styled action.

7.

Please produce any and all documents which have been furnished by you or your counsel to your expert witness.

8.

Please produce all expert reports related to the claims asserted in the Complaint.

9.

Please produce any written job descriptions which describe any obligations any person had in relation to the cleaning, inspection, or maintenance of the Premises floor as well as stocking of the Premises shelves.

10.

Please produce all documents which relate to any inspections, cleaning, or maintenance of the Premises floor on May 12, 2018.

11.

Please produce all documents which memorialize, contain, and/or describe your policies and procedures in place on May 12, 2018, regarding the inspection, cleaning, and/or maintenance of the Premises.

12.

Please produce all documents which memorialize, contain, and/or describe your policies and procedures in place on May 12, 2018, regarding the stocking of shelves and removal of boxes or other items from the Premises floor.

13.

Please produce all documents which identify any person or persons responsible

for cleaning, maintaining, and or inspecting the Premises floor and/or stocking the Premises shelves on May 12, 2018.

14.

Please produce all documents related to any person slipping, tripping, or falling inside the Premises.

15.

Please produce all documents that relate to any claims made by any person who claimed to have been injured as a result of slipping, tripping or falling while inside the Premises.

16.

Please produce any statements made by Plaintiff or his granddaughter Taylor Welch.

17.

Please produce all documents you have obtained from any third party which are related to the claims asserted in the present lawsuit, including, but not limited to, documents related to Plaintiff's injuries.

18.

Please produce all photographs and/or video recordings depicting the Premises on May 12, 2018.

19.

Please produce all photographs and/or video recordings in your possession, custody, or control depicting Plaintiff.

20.

Please produce all documents which evidence any communications between Plaintiff,

or her representatives, and you, or your representatives.

21.

Please produce all documents which evidence any communications between you and any person other than Plaintiff regarding the Incident, or any injuries sustained by Plaintiff as a result of the Incident.

22.

Please produce all documents which memorialize, contain, and/or describe your policies and procedures in place on May 12, 2018, which relate in any way to the presence of trash, merchandise, debris, or other objects on the Premises' floor.

23.

Please produce all documents which memorialize, reference, and/or relate to any notice you received from any person or entity related to the presence of any trash, merchandise, debris, or other objects on the Premises floor on May 12, 2018.

24.

Please produce all documents which memorialize, reference, and/or relate to any notice you received related to any trash, merchandise, debris, or other objects on the floor of the Premises during the three (3) year period leading up to and including May 12, 2018.

25.

Please produce all documents which memorialize, reference, and/or relate to any claims, investigations, and/or reports of slips and/or falls due to foreign objects or any other hazards during the three (3) year period leading up to and including May 12, 2018.

## REQUEST FOR ADMISSIONS

1.

Please admit that you owned the Dollar General store located at 920 N. Wall Street, Calhoun, Georgia, 30701 ("the Premises") on May 12, 2018.

2.

Please admit that you occupied the Premises on May 12, 2018.

3.

Please admit that Plaintiff slipped and fell while on the Premises on May 12, 2018 ("the Incident").

4.

Please admit that on May 12, 2018, Plaintiff reported to you that he slipped and fell while on the Premises.

5.

Please admit that you prepared a written report regarding the Incident.

6.

Please admit that there were no warning or caution signs in the area at the time of the Incident.

7.

Please admit that there was a waxy, slippery substance on the floor at the time of the Incident.

8.

Please admit that you had a video surveillance system in place on the Premises on May 12, 2018.

9.

Please admit that the video surveillance system was operating on May 12, 2018.

10.

Please admit that the Incident was captured on video.

This 17th day of February, 2020.

Matthew T. Wilson
GA Bar No. 558420
Carson A. Royal
GA Bar No. 964008
Attorneys for Plaintiff

PRINCENTHAL, MAY, & WILSON, LLC
750 Hammond Drive
Bldg 12, Suite 200
Sandy Springs, GA 30328
Tel. 678-534-1980
FAX 404-806-0624
Email: matthew@princemay.com

HARRISS & HARTMAN LAW FIRM, P.C.
P.O. Drawer 220
200 McFarland Ave.
Rossville, GA 30741
Tel. 706-861-0203
Fax: 706-861-6838
Email: carson.royal@harrisshartman.com